## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: | Bankruptcy Case No. 11-27660 EEB |
| | Chapter 7 |
| STEVEN JOHNSON, | |
| MELODY JOHNSON, | |
| | |
| Debtors. | |
| | |
| ADVANCED COATINGS, | |
| INTERNATIONAL, INC., | |
| | |
| Plaintiffs, | Adversary Proceeding No. 11-1505 EEB |
| | |
| v. | |
| | |
| STEVEN JOHNSON and MELODY | |
| JOHNSON,, | |
| | |
| Defendants. | |

## ORDER DENYING DEBTORS' REQUEST FOR ATTORNEY'S FEES
## PURSUANT TO COLO. REV. STAT. § 13-17-102

THIS MATTER comes before the Court on the Defendants' request for attorney's fees under Colo. Rev. Stat. § 13-17-102, a state statute which imposes fees for the assertion of a claim or defense that lacks "substantial justification." Before conducting an evidentiary hearing on whether Plaintiff's assertion and continued prosecution of claims against the Debtors was substantially justified, the parties have requested a prior determination as to whether this state statute is applicable in a nondischargeability proceeding under 11 U.S.C. § 523. Having reviewed their briefs and applicable law, the Court concludes that this state statute is not applicable to a determination of nondischargeability under the *Erie* doctrine, and that it has been preempted by Fed. R. Bankr. P. 9011.

### I.   Background

Plaintiff Advance Coatings International, Inc. ("ACI") initiated this adversary proceeding by alleging claims under 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6) against Debtors Steven and Melody Johnson. At the beginning of trial, ACI orally moved to dismiss its claims against Mrs. Johnson and this Court granted its request. At that time, Debtors' counsel reserved the right to seek sanctions against ACI for its failure to earlier dismiss its claims against Mrs. Johnson.

In written closing argument, the Debtors requested an award of attorney's fees based on ACI's assertion of allegedly groundless claims against both Debtors. They based their request for an award of attorney's fees on three grounds: (1) Fed. R. Bankr. P. 9011; (2) 28 U.S.C. § 1927; and (3) Colo. Rev. Stat. § 13-17-102. The Court subsequently issued orders denying all of ACI's § 523(a) claims, and denying Debtors' request for fees under Rule 9011 and 28 U.S.C. § 1927. The Court requested briefs from the parties on the remaining claim for fees under Colo. Rev. Stat. § 13-17-102.

## II. Discussion

### A.        Colo. Rev. Stat. § 13-17-102 and the *Erie* Doctrine

In relevant part, Colo. Rev. Stat. § 13-17-102 provides that:

> [I]n any civil action of any nature commenced or appealed in any court of record in this state, the court shall award, by way of judgment or separate order, reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification.

Colo. Rev. Stat. § 13-17-102(2). Debtors argue the statute should apply because bankruptcy courts frequently apply state law and because this case in particular involved "state law issues viewed through the prism of the Bankruptcy Code." Debtors' Reply at 3. ACI argues that § 13-17-102 does not apply because this Court is exercising federal question jurisdiction in this proceeding, thus making state law inapplicable.

The seminal case concerning applicability of state law in federal court is *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) ("*Erie*"). The *Erie* case interpreted the Rules of Decision Act, which provides that: "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." 28 U.S.C. § 1652. The oft stated holding of *Erie* is that, in diversity cases, federal courts apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Although often applied in the context of a diversity case, the principles of the *Erie* case have wider application. As one court described, "the Erie doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law" and, likewise, "the Erie doctrine is inapplicable to claims or issues created and governed by federal law, even if the jurisdiction of the federal court rests on diversity of citizenship." *Maternally Yours, Inc. v. Your Maternity Shop, Inc.*, 234 F.2d 538, 541 n.1 (2d Cir. 1956).

The Tenth Circuit has applied the *Erie* doctrine to determine the applicability of various types of state attorney's fees statutes in diversity actions and actions involving pendant state law claims. In so doing, the Tenth Circuit examines whether the statute is procedural or substantive. If the statute is procedural, federal law applies, but if it is substantive, then the court applies state law. *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1279 (10th Cir. 2011). As noted by the Tenth Circuit, "[s]ubstantive fees are those which are tied to the outcome of the litigation, whereas procedural fees are generally based on a litigant's bad faith conduct in litigation." *Id.*

(internal citations and quotations omitted).  The key distinction is whether the fee shifting is "a matter of substantive remedy, or of vindicating federal judicial authority." *Id.* at 1279-80 (internal citations and quotations omitted).

The Tenth Circuit also examines the related issue of whether the state statute at issue "collides with any federal procedural rule" or, in other words, whether the scope of a federal rule is "sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court." *Id.* at 1276-77 (internal citations and quotations omitted).  If there is such a conflict, then there is "no room for the operation of the state law," and the federal rule applies.  *Id.* at 1277; *see also Hanna v. Plumer*, 380 U.S. 460, 470 (1965) (stating that *Erie* "has never been invoked to void a Federal Rule.").  Only where the state statute and the federal rule "can exist side by side, . . . each controlling its own intended sphere of coverage without conflict," does a federal court apply the state statute.  *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1540 (10th Cir. 1996) (citing *Walker v. Armco Steel Corp.,* 446 U.S. 740, 752 (1980)).  "For purposes of determining whether state and federal rules collide, federal courts have consistently interpreted the federal rules 'with sensitivity to important state interests and regulatory policies.'"  *Id.* (citing *Gasperini v. Center for Humanities*, 518 U.S. 415, n. 7(1996)).

Under these principles, some federal courts in this district have held that § 13-17-102 is not applicable when the case involves solely federal causes of action.  *E.g., Wolf v. Petrock*, 2010 WL 2232353, at *2 (D. Colo. June 2, 2010) ("[S]tate laws, however, have no applicability to federal claims brought in federal court.").  Other courts, however, have applied this state statute, without any *Erie*-type analysis and with little or no discussion.  *See, e.g., Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1217 (10th Cir. 2010).  In *Lorillard*, the Tenth Circuit held that § 13-17-102 was applicable in a case involving federal and pendent state law claims.  *Id.*  The *Lorillard* decision, however, does not mention *Erie* or otherwise discuss its principles and, thus, it is unlikely that the issue was raised by the parties.  It is also worth noting that the *Lorillard* decision refers to the case of *Harrison v. Luse*, 760 F. Supp. 1394, 1400 (D. Colo. 1991), *aff'd*, 1991 WL 270031 (10th Cir. Dec. 16, 1991), for the proposition that § 13-17-102 "clearly may apply to claims brought in the District of Colorado."[1]  *Id.*  Whether, and to what extent, these cases apply in bankruptcy is unclear.  Neither this Court nor the parties have been able to locate any reported decisions considering the applicability of § 13-17-102 in the bankruptcy context. Both parties in this case argue that this Court should ignore the diversity cases and avoid any *Erie*-type analysis, since this is a bankruptcy case and not a diversity case.  The principles of *Erie*, however, cannot be so easily bypassed.

### B.  The *Erie* Doctrine and Bankruptcy

While the *Erie* case was a diversity case and is commonly relied on in diversity cases, the issue it addresses—application of state law versus federal law—frequently arises in bankruptcy

---

[1] The *Harrison* case lacks any discussion of *Erie*.  It also pre-dates the 1993 revisions to Rule 11, which added the safe-harbor requirement.  *See* Fed. R. Civ. P. 11 Advisory Committee Notes, 1993 Amendments.  Thus, the conflict between Rule 11 and § 13-17-102 was not directly considered by either the *Harrison* or the *Lorillard* cases.

cases.  *See* Thomas E. Plank, *The Erie Doctrine and Bankruptcy*, 79 Notre Dame L. Rev. 633 (Feb. 2004).  For example, in the seminal case of *Butner v. United States*, 440 U.S. 48  (1979), the Supreme Court recognized that, in bankruptcy cases, property interests are created and defined by state law "unless some federal interest requires a different result." *Id.* at 55; *see also In re Tracy Broadcasting Corp.*, 696 F.3d 1051, 1059-60 (10th Cir. 2012) (recognizing continuing validity of the *Butner* decision).  The *Butner* court explained that the "[u]niform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving a windfall merely by reason of the happenstance of bankruptcy." *Id.* (internal citation omitted).  These are the same goals behind the *Erie* decision.  *Hanna v. Plummer*, 380 U.S. 460, 468 (1965) (describing "the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.").  The Supreme Court has also held that *Erie* does not require bankruptcy courts to apply state law if a provision of federal bankruptcy law controls. *Prudence Realization Corp. v. Geist*, 316 U.S. 89, 95 (1942).  In the *Prudence* case, the Court held that principles of equitable subordination were governed by federal law instead of state law. The Court noted that "[n]othing decided in *Erie Railroad Co. v. Tompkins* . . . requires a court of bankruptcy to apply such a local rule governing the liquidation of insolvent estates." *Id.* Because the then controlling Bankruptcy Act prescribed its own criteria for distribution to creditors, the Court concluded that "federal not local law" applied to the "interpretation and application of federal statutes." *Id.*  Thus, whether called the "*Erie* doctrine" or not, the principles of that doctrine have routinely been applied in bankruptcy for many years.

The principles of the *Erie* doctrine often come into play in nondischargeability cases.  In actions under § 523, there is, of course, a claim requesting a determination of nondischargeabiliy. Oftentimes there is also a separate claim or request to establish and liquidate the debt.  The claim for a nondischargeability determination is a matter of federal law governed by the terms of the Bankruptcy Code.  *Grogan v Garner*, 498 U.S. 279, 284 (1991).  However, in determining the existence and the amount of the underlying debt, state law or other relevant nonbankruptcy law controls. *Id.* at 283, 284 n.9; *Travelers Casualty & Surety Co. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 450-51 (2007) (recognizing rule that state law governs the substance of claims in bankruptcy proceedings).  When a creditor asserts that attorney's fees are part of the debt owed to it, bankruptcy courts apply state law to determine whether a creditor is entitled to include attorney's fees in its nondischargeable debt.  *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998) (nondischargeable debt owed to creditor included attorney's fees recoverable under New Jersey law); *Owens v. Bolger (In re Bolger)*, 351 B.R. 165, 169 (Bankr. N.D. Okla. 2006) (prevailing party in § 523 litigation cannot recover attorney's fees unless entitled to "under an applicable statute or a valid contract to the extent such fees would be recoverable under state law.").

Attorney's fees are generally not awarded to the prevailing party in dischargeability litigation except when the parties have entered into a contract that shifts attorney's fees, or there is an applicable nonbankruptcy statute that provides for fee shifting.  *In re Busch*, 369 B.R. 614, 624-25 (10th Cir. BAP 2007).  Section 523(d) is the only federal statutory authority for an award of attorney's fees and costs in a dischargeability proceeding.  With limited exceptions, it mandates that the bankruptcy court award attorney's fees and costs to a prevailing debtor if a creditor requests a determination of dischargeability under § 523(a)(2) as to a consumer debt, "without substantial justification." 11 U.S.C. § 523(d).  Here, it is undisputed that ACI's alleged debt involved commercial rather than consumer debt, so § 523(d) does not apply.

Under these principles, this Court applied federal law to determine ACI's claims under § 523(a). If ACI had succeeded in establishing any of its nondischargeability claims and if the Court had then proceeded to determine the amount of its claim, it would have applied state law to determine the validity and amount of ACI's claim. In particular, if ACI had claimed attorney's fees as part of its claim, the Court would have considered whether any state law entitled ACI to such fees. In that sense, the Court would be applying what, in diversity cases, the Tenth Circuit called *substantive* state attorney's fees statutes, rather than procedural statutes or rules. *See Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1279 (10th Cir. 2011). As discussed above, under *Erie* principles, substantive fees are those which are tied to the outcome of the litigation or are a matter of substantive remedy, whereas procedural fees are generally based on a litigant's bad faith conduct in litigation or are otherwise imposed to vindicate federal judicial authority. *Id.* at 1279-80. Attorney's fees awarded as a "substantive remedy" under state law can become part of a creditor's claim in bankruptcy. In this case, however, Debtors are seeking *procedural*, not substantive fees. The Debtors ask for attorney's fees as a sanction against ACI for failing or refusing to dismiss the allegedly groundless claims.

The Ninth Circuit addressed a similar request in the case of *In re Larry's Apartment, LLC*, 249 F.3d 832 (9th Cir. 2001). In that case, a Chapter 11 trustee brought a breach of fiduciary duty claim against the part-owner of the debtor company in an adversary proceeding. The trustee prevailed and the bankruptcy court awarded the trustee attorney's fees under an Arizona sanction statute very similar to Colo. Rev. Stat. § 13-17-102. After reviewing the principles of *Erie*, the Ninth Circuit concluded that the bankruptcy court should not have applied the Arizona law as a basis for fees. The Ninth Circuit noted that, when fees are awarded as a sanction based upon misconduct of an attorney or party in the litigation itself, rather than upon a matter of substantive law, the matter is procedural and controlled by federal law. *Id*. at 838. The Ninth Circuit emphasized the importance of applying federal law to such matters: "the federal courts must be in control of their own proceedings and of the parties before them, and it is almost apodictic that federal sanction law is the body of law to be considered in that regard." *Id.* To hold otherwise "would leave federal courts subject both to the strictures of state statutes, and to state court judicial construction of those statutes." *Id.* The Ninth Circuit rejected any argument that the *Erie* principles it discussed were inapplicable in a bankruptcy case: "If anything, the need for uniform and expeditious handling of bankruptcy cases makes it even more important that federal, not state, sanction rules apply." *Id.*

This Court finds the Ninth Circuit's analysis persuasive. The regulation of a litigant's conduct or misconduct before a bankruptcy court should be governed by federal, not state law. Applying federal law serves to protect the bankruptcy court's inherent authority over its own proceedings. It also provides consistency and clarity by specifying one body of law as controlling the behavior of parties in bankruptcy court. *Id.* at 839. "[I]t makes a great deal of sense to have a single group of sanctioning rules and decisions control behavior of parties in the federal courts, rather than a farrago of state and federal rules based on different policies or different views about the best way to implement these policies." *Id.*

## C.     Colo. Rev. Stat. § 13-17-102 is Preempted by Rule 11

This Court is further persuaded that § 13-17-102 is preempted by Fed. R. Bankr. P. 9011 because there is a direct collision between these provisions. *McCoy v. West*, 965 F. Supp. 34,

35-36 (D. Colo. 1997); *see also Nat'l City Bank v. Beatty (In re Beatty)*, 401 B.R. 278, 280-81 (Bankr. S.D. Ohio 2009) (finding collision between Rule 9011 and similar Ohio state sanctions statute). Bankruptcy Rule 9011 provides for sanctions if claims or defenses presented by a party are (1) are presented for an improper purpose, such as harassment or delay, (2) not warranted by existing law or a nonfrivolous argument for modification of the law, or (3) lack evidentiary support. Fed. R. Bankr. P. 9011(b)(1)-(4).

Section 13-17-102 provides for sanctions if the claim or defense "lacked substantial justification." This phrase is defined as "substantially frivolous, substantially groundless, or substantially vexatious." Colo. Rev. Stat. § 13-17-102(4). A claim is frivolous "if the proponent can present no rational argument based on the evidence or law in support of the claim." *Remote Switch Sys., Inc. v. Delangis*, 126 P.3d 269, 275 (Colo. App. 2005). A claim is groundless if "the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence." *Id.* The Court finds that there is more than a mere "superficial similarity" between § 13-17-102 and Bankruptcy Rule 9011. *See Trierweiler*, 90 F.3d at 1540 (concluding Rule 11 did not collide with Colo. Rev. Stat. § 13-20-60 because state statute targeted particular class of defendants). Rule 9011 targets the same persons (litigants and attorneys in civil actions) and the same conduct (claims or defenses not grounded in law or evidence).

Furthermore, the two provisions cannot operate "side by side" without conflict. *See Trierweiler*, 90 F.3d at 1540. Rule 9011 contains a "safe harbor" requirement. It requires presentation to the alleged violator of a separate motion asserting a Rule 9011 violation and then waiting 21 days before filing the motion to allow the perpetrator to withdraw the challenged paper, claim, or defense. Fed. R. Bankr. P. 9011(c)(1)(A). This safe harbor requirement is strictly applied in federal court, such that a failure to comply with it results in rejection of a motion for sanctions. *Roth v. Green*, 466 F.3d 1179, 1192-93 (10th Cir. 2006); *Bergquist v. Caskie-Johnson (In re Caskie-Johnson)*, 2007 WL 496675, at *3 (D. Colo. Feb. 13, 2007). Strict enforcement serves the policies behind the safe harbor requirement: "(1) to protect litigants from sanctions whenever possible in order to mitigate Rule 9011's chilling effect; (2) to formalize procedural due process considerations such as notice; and (3) to encourage withdrawal of papers that violate the rule without involvement of the trial court, thereby streamlining the litigation process." *In re Caskie-Johnson*, 2007 WL at *4. Section 13-17-102, on the other hand, contains no such requirement. The only apparent procedural requirements for that statute are that the court hold a hearing and make specific findings. *Collie v. Becknell*, 762 P.2d 727, 732 (Colo. App. 1988). Accordingly, the Court concludes that Rule 9011 preempts § 13-17-102. *See In re Larry's Apartment, LLC*, 249 F.3d 832, 838 (9th Cir. 2001); *Nat'l City Bank v. Beatty (In re Beatty)*, 401 B.R. 278, 280-81 (Bankr. S.D. Ohio 2009); *McCoy v. West*, 965 F. Supp. 34, 35-36 (D. Colo. 1997); *Hantz Air, LLC v. J. Mesinger Corp. Jet Sales, Inc.*, 2007 WL 1520106, at *1 (D. Colo. May 22, 2007).

### III. Conclusion

For the reasons stated above, the Debtors' request for attorney's fees under Colo. Rev. Stat. § 13-17-102 is DENIED.

Dated this 11th day of January, 2013.

BY THE COURT:

_____
Elizabeth E. Brown, Bankruptcy Judge